IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **LARRY DRAKE HANSEN,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**THE POLICE DEPARTMENT OF SALT LAKE CITY CORPORATION,**<br><br>     **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:15-cv-722-JNP-PMW**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Paul M. Warner** |

  District Judge Jill N. Parrish referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are the following motions: (1) Larry Drake Hansen's ("Plaintiff") motion for leave to file a second amended complaint,[2] (2) Salt Lake City Corporation's ("Defendant") motion to dismiss,[3] (3) Defendant's motion to dismiss amended complaint,[4] (4) Plaintiff's motion for appointment of counsel,[5] and (5) Plaintiff's motion to seal case.[6]

  The court has carefully reviewed the motions and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and

---

[1] *See* docket no. 2.

[2] *See* docket no. 15.

[3] *See* docket no. 3.

[4] *See* docket no. 12.

[5] *See* docket no. 18.

[6] *See* docket no. 20.

finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).  At the outset, the court recognizes that Plaintiff is proceeding pro se in this case.  Consequently, the court will construe his pleadings liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## RELEVANT BACKGROUND

Plaintiff was assaulted and injured in connection with a fight involving multiple parties. The fight occurred in front of a bar on Main Street in Salt Lake City, Utah and involved several persons who had been ejected from that bar.  Plaintiff was walking down the street and got caught in the melee.  Salt Lake City Police were called to the scene, made several arrests, and conducted an investigation.  Thus far, no criminal charges have been filed specifically related to the assault that occurred on Plaintiff.

On October 6, 2015, Plaintiff filed this case asserting claims for negligence against Defendant on the grounds that the Salt Lake City Police Department failed to "diligently, thoroughly and timely conduct and complete investigation of Case #12-36515" and "communicate relevant results" to Plaintiff.[7]  Plaintiff also alleges that Defendant violated Plaintiff's rights under the federal Crime Victims' Rights Act, *see* 18 U.S.C. § 3771, and under the state victims' rights statute.  *See* Utah Code Ann. §§ 77-37-3(1)(c) and 77-37-3(1)(h). Plaintiff seeks damages in the amount of $5,746,359.10, as well as punitive damages, attorneys' fees and costs.

In response, Defendant filed a motion to dismiss for failure to state a claim.[8]  Plaintiff opposed that motion,[9] and filed an amended complaint a week later.[10]  In his amended complaint,

---

[7] Docket no. 3 at 1-2.

[8] *See* docket no. 3.

[9] *See* docket no. 5.

Plaintiff attempted to add a claim for violation of his due process rights under the Fifth and Fourteenth Amendments. Defendant filed a second motion to dismiss on substantially similar grounds as its first motion but also arguing that Plaintiff failed to assert a protected liberty or property interest as required for a due process claim.[11]

Plaintiff then filed a motion for leave to file a second amended complaint.[12] Defendant has indicated that it does not oppose Plaintiff's motion.[13]

## DISCUSSION

### I. Plaintiff's Motion for Leave to File a Second Amended Complaint

As noted above, Plaintiff has filed a motion for leave to file a second amended complaint. Plaintiff's proposed second amended complaint asserts claims under 42 U.S.C. § 1983, as well as violations of the Utah Constitution and state law claims for "gross negligence."[14] Defendant has indicated that it does not oppose Plaintiff's motion for leave to file a second amended complaint. Accordingly, Plaintiff's motion is hereby **GRANTED**. The Clerk of Court is shall place a copy of Plaintiff's proposed second amended complaint attached to his motion as Exhibit A on the docket, filed as of the date of this order.

### II. Defendant's Motions to Dismiss

Because the court has granted Plaintiff's motion for leave to file a second amended complaint, Defendant's motions to dismiss the complaint and the amended complaint have been rendered **MOOT.**

---

[10] *See* docket no. 6.

[11] *See* docket no. 12.

[12] *See* docket no. 15.

[13] *See* docket nos. 16 and 21.

[14] Docket no. 15-1.

### III.     Plaintiff's Motion to Appoint Counsel

The court next addresses to Plaintiff's motion for appointment of counsel. "The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). However, there is no indication in the record that Plaintiff cannot afford counsel. While he is proceeding pro se, he did not seek to file this case in forma pauperis under 28 U.S.C. § 1915 ("IFP statute"). Accordingly, the court could deny Plaintiff's motion on this basis alone.

However, even assuming Plaintiff meets the criteria for proceeding under the IFP statute, Plaintiff has not demonstrated that appointed counsel is essential for him to adequately present his claims. When deciding whether to appoint counsel, courts consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

While the merits of Plaintiff's claims are not completely clear at this point, there is no indication Plaintiff is unable to adequately present his claims or pursue this case. Based on the pleadings filed to date, it appears that Plaintiff is able to adequately set forth the facts and claims he alleges against Defendant. Furthermore, the factual and legal issues raised by Plaintiff's second amended complaint do not appear to be complicated or difficult to explain. Moreover, at this stage of Plaintiff's case, the court is concerned only with the sufficiency of Plaintiff's

allegations, and the court does not believe that appointed counsel would materially assist Plaintiff in describing the facts surrounding his alleged injuries. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury").

For these reasons, Plaintiff's motion for the appointment of counsel is **DENIED**.

### IV. Plaintiff's Motion to Seal

Plaintiff moves the court to seal this matter pursuant to civil rule 5-2(c) of the United States District Court for the District of Utah Rules of Practice. *See* DUCivR 5-2(c). Plaintiff contends that his case should be sealed because he is a victim of a violent crime. Defendant does not object.

Courts have long recognized a common-law right of access to judicial records. *See Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir. 1994). The court, "'in its discretion, may seal documents if the public's right of access is outweighed by competing interests.'" *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)). "The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." *Id.* (quoting *Mann v. Boatright* 477 F.3d 1140, 1149 (10th Cir. 2007)).

Notwithstanding Defendant's non-opposition, the court concludes that Plaintiff has not demonstrated a "significant interest" overcoming the presumption of public access. The mere fact that Plaintiff was the victim of an assault, without more, does not rebut the presumption. As such, Plaintiff's motion is **DENIED**.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for leave to file a second amended complaint is hereby **GRANTED**.[15]  The Clerk of Court is shall place a copy of Plaintiff's proposed second amended complaint attached to his motion as Exhibit A on the docket, filed as of the date of this order.

(2) Defendant's motions to dismiss are rendered **MOOT**.[16]

(3) Plaintiff's motion for the appointment of counsel is **DENIED**.[17]

(4) Plaintiff's motion to seal the case is **DENIED**.[18]

**IT IS SO ORDERED**.

DATED this 13th day of September, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[15] *See* docket no. 15.

[16] *See* docket nos. 3 and 12.

[17] *See* docket no. 18.

[18] *See* docket no. 20.