**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **LARRY DRAKE HANSEN,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| | **Case No. 2:15-cv-00722-JNP-PMW** |
| **v.** | |
| **THE POLICE DEPARTMENT OF SALT LAKE CITY CORPORATION,** | **District Judge Jill N. Parrish** |
| **Defendant.** | **Chief Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendant's motion to dismiss.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and the court "will not supply additional facts,

---

[1] *See* docket no. 2.

[2] *See* docket no. 24.

nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been

pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not
> relieve the plaintiff of the burden of alleging sufficient facts on
> which a recognized legal claim could be based. . . . [C]onclusory
> allegations without supporting factual averments are insufficient to
> state a claim on which relief can be based. This is so because a pro
> se plaintiff requires no special legal training to recount the facts
> surrounding his alleged injury, and he must provide such facts if
> the court is to determine whether he makes out a claim on which
> relief can be granted. Moreover, in analyzing the sufficiency of the
> plaintiff's complaint, the court need accept as true only the
> plaintiff's well-pleaded factual contentions, not his conclusory
> allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## PROCEDURAL BACKGROUND

Plaintiff filed his original complaint in this matter on October 6, 2015,[3] and it was served

on October 13, 2015.[4] In his original complaint, Plaintiff asserted claims for negligence based

on purported violations of federal and state crime victims' rights acts. Defendant filed a motion

to dismiss on October 16, 2015,[5] and briefing was completed on November 9, 2015. Plaintiff

filed an amended complaint on November 9, 2015, which purported to add constitutional due

process claims under the Fifth and Fourteenth Amendments.[6] After Defendant moved to dismiss

the amended complaint,[7] Plaintiff sought and obtained leave of court to file a second amended

---

[3] *See* docket no. 1.

[4] *See* docket no. 4.

[5] *See* docket no. 3.

[6] *See* docket no. 6.

[7] *See* docket no. 12.

complaint without opposition from Defendant.[8]  Plaintiff filed his second amended complaint on

September 13, 2016.[9]  Defendant then filed a motion to dismiss Plaintiff's second amended

complaint on September 23, 2016.[10]

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's second amended complaint.  Shortly after

midnight on Sunday, March 4, 2012, Plaintiff was walking down Main Street in Salt Lake City,

Utah, near the "Cheers to You" tavern.  According to Plaintiff, he was blindly struck in the face

by an unknown assailant and knocked to the ground.  Plaintiff suffered numerous bruises,

abrasions, and a broken nose that required extensive medical treatment.  Plaintiff did not see the

person who assaulted him.  When Plaintiff was interviewed at the scene by Salt Lake City police

officers, he could not identify the perpetrator that struck him and caused his injuries.

The attack on Plaintiff was part of a larger incident involving numerous patrons of the

"Cheers to You" tavern who were fighting on the sidewalk and street after exiting the

establishment.  Salt Lake City police officers responded to the scene where they interviewed and

photographed potential criminal suspects as well as victims of criminal assault and battery,

including Plaintiff.  Police officers obtained a white t-shirt from one suspect that appeared to

have blood on it.  DNA from the blood on the white t-shirt has not been analyzed.

A few minutes after the police officers finished their questioning and left the scene,

Plaintiff claims that a witness pointed out the assailant to him by showing him a cell phone video

---

[8] *See* docket nos. 15, 22.

[9] *See* docket no. 23.

[10] *See* docket no. 24.

of part of the incident. Plaintiff cannot identify this witness and does not allege that this witness ever identified his assailant to police officers or that police officers were aware of the identity of this witness.

Sometime after the initial incident, Salt Lake City police officers presented Plaintiff with a "six pack" photo lineup, but Plaintiff was unable to identify his assailant in this lineup. As Plaintiff's assailant has never been identified, no arrests have been made and no criminal charges have been filed relating to the assault and battery on Plaintiff.

Plaintiff alleges that Defendant failed to adequately, diligently, thoroughly, and timely conduct and complete the investigation of the assault against Plaintiff. Consequently, Plaintiff claims he has been deprived of the opportunity to pursue a civil lawsuit against his assailant for damages arising from the assault. Plaintiff also appears to claim that Defendant failed to prevent the criminal assault and battery on him due to an allegedly negligent response to a prior incident that occurred a few minutes earlier at the Circle Lounge, another downtown bar located a few blocks away from the "Cheers To You" tavern. Plaintiff theorizes that his assailant was somehow involved in the incident at the Circle Lounge, and should have been detained by police officers, thus preventing the assault and battery on Plaintiff that occurred a short time later outside "Cheers To You."

Plaintiff seeks compensatory damages in the amount of $5,746,359.10 as well as punitive damages, pre-judgment interest, costs, and attorney fees.

## ANALYSIS

Defendant moves to dismiss Plaintiff second amended complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotations and citations omitted). The court must "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Albers v. Bd. of Cty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014) (quotations and citations omitted).

In its motion, Defendant first argues that it is not a separate legal entity subject to suit. The court agrees. Plaintiff's claims appear to be asserted against Defendant, which is a police department. Police departments are not separate legal entities with the capacity to sue or be sued. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (holding that governmental sub-units are not separable suable entities); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that the "City of Denver Police Department" is not a separate suable entity); *Redmond v. Salt Lake City Police Dep't*, No. 2:08-CV-153 TC, 2009 WL 675628, *2-3 & n.1 (D. Utah Mar. 10, 2009) (unpublished) (dismissing claims against Salt Lake City Police Department). Therefore, any claims against Defendant should be dismissed with prejudice.

Defendant next argues that even if Plaintiff's second amended complaint is liberally construed to allege claims against Salt Lake City Corporation (the "City"), those claims should also be dismissed. Again, the court agrees.

To establish an actionable section 1983 claim against the City, Plaintiff must show deprivation of a right "secured by the Constitution or laws of the United States" and that the

deprivation was committed by an individual acting "under color of state law" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Liberally construing Plaintiff's complaint, Plaintiff alleges that the City violated his Fifth and Fourteenth Amendment due process rights by failing to adequately conduct and complete an investigation into the assault case and process DNA and other evidence that allegedly would have identified the assailant who caused Plaintiff's injuries. As a result, Plaintiff claims he was denied the right to bring a civil suit against the unknown assailant to recover for his injuries. Plaintiff also appears to contend that the City failed to prevent the assault when it did not identify and arrest the perpetrators of an allegedly related incident several blocks away, and that one of those perpetrators ultimately assaulted Plaintiff a few minutes later.

Plaintiff does not have a constitutional right to, or, in fact, any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005); *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Similarly, the duty to investigate criminal acts (or possible criminal acts) almost always involves a significant level of law enforcement discretion and, therefore, individuals have no "'legitimate claim of entitlement' to a police investigation." *Harrington v. Cty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (quoting *Town of Castle Rock, Colo.*, 545 U.S. at 756). "[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock*, 545 U.S. at 768; *see also Phillips v. Kerns*, 483 F. App'x 400, 402 (10th Cir. 2012). Likewise, the Due Process Clause of the Fourteenth Amendment generally does not create an

affirmative duty on the part of the state to "protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) (concluding that the Due Process Clause does not require the state to engage in affirmative actions to protect individuals from being harmed by third parties, even when the state is aware of the risk of harm and may have the ability to prevent it).

For those reasons, Plaintiff's allegations that the City failed to prevent the assault, or investigate and arrest the assailant, do not state a violation of the Due Process Clause under either the Fifth or Fourteenth Amendments. Accordingly, to the extent that Plaintiff's complaint can be construed to allege a section 1983 claim against the City, that claim should be dismissed with prejudice.

For similar reasons, Plaintiff's allegations also fail to state a claim for violations of the due process clause of the Utah constitution or a claim for "gross negligence." Moreover, Defendant and the City are immune under the Governmental Immunity Act of Utah for claims arising from injuries proximately caused by assault and battery or based on alleged civil rights violations. *See* Utah Code § 63G-7-201(4)(b). Accordingly, Plaintiff's state law claims should also be dismissed with prejudice.

As a final matter, the court concludes that providing Plaintiff with the opportunity to amend his complaint would be futile because it does not appear that he can allege any facts that would save his claims from dismissal under the analysis above. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (quotations and citation omitted)).

Furthermore, Plaintiff has had three opportunities in this case to allege valid claims against Defendant and/or the City, but has failed to so.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss[11] be GRANTED and this action be DISMISSED WITH PREJUDICE.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of September, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[11] *See* docket no. 24.