IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARRY HANSEN,<br><br>        Plaintiff,<br><br>v.<br><br>THE POLICE DEPARTMENT OF SALT LAKE CITY CORPORATION,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-00722-JNP-PMW<br><br>Judge Jill N. Parrish |

Defendant Salt Lake City Corporation[1] moved to dismiss plaintiff Larry Hansen's second amended complaint. [Docket 24]. Magistrate Judge Warner issued a Report and Recommendation that this court grant the motion and dismiss the complaint with prejudice. [Docket 33]. Mr. Hansen objected in part to the Report and Recommendation, but conceded that several of his causes of action should be dismissed with prejudice. [Docket 34]. He acknowledged that his first and second claims for gross negligence should be dismissed. He also agreed that his third claim should be dismissed in part, but argued that the portion of this claim that alleged a cause of action for violations of Article 1, Section 7 of the Utah Constitution should not be dismissed. Thus, the counts that remain in dispute in this case are the third claim under Article 1, Section 7 of the Utah Constitution, the fourth claim under Article 1, Section 11 of the Utah Constitution, and the Fifth claim for denial of his right to "access to the courts" under the United States Constitution.

---

[1] In the caption to his second amended complaint, Mr. Hansen named the defendant as "The Police Department of Salt Lake City Corporation." The court liberally construes the complaint to allege claims against the proper defendant, the Salt Lake City Corporation.

Because Mr. Hansen filed an objection, the court "must determine de novo" whether his objections have merit. FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *see also United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

I. **OBJECTION TO DISMISSAL OF THE FIFTH CLAIM FOR VIOLATIONS OF MR. HANSEN'S RIGHT TO "ACCESS TO THE COURTS"**

The United States Constitution guarantees access to the courts.[2] *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). A cause of action to vindicate this constitutional right may fit into one of two categories. A forward-looking claim challenges government actions that effectively bar a plaintiff from litigating a cause of action at the present time. *Id.* at 413. A forward-looking claim seeks the removal of this impediment so that the plaintiff may pursue a remedy in the courts. For example, prisoners may seek the use of a law library or plaintiffs may request the waiver of filing fees that unreasonably impede access to a court of law. *Id.* A backward-looking claim, on the other hand seeks damages caused by government actions that prevented a plaintiff from litigating a cause of action that can no longer be pursued no matter what the government does in the future. *Id.* at 413–14.

Mr. Hansen asserts a backward-looking access to the courts claim. He alleges that the Salt Lake City Police Department failed to properly investigate his assault and identify his assailant.

---

[2] The precise source of this right is somewhat hazy. At different times, the Supreme Court has cited the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, the Fourteenth Amendment Equal Protection Clause, or the Fourteenth Amendment Due Process Clause as the foundation for the right to access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002).

2

The department's substandard investigation, he argues, prevented him from suing his attacker. Because the statute of limitations has now run on his claim against this unknown individual, Mr. Hansen is now prevented from ever asserting a tort claim in the courts. He contends, therefore, that Salt Lake City violated his constitutional right to access to the courts and that the city should now be held liable for the damages that he would have recovered in a lawsuit against his assailant.

Judge Warner recommends that Mr. Hansen's access to the courts claim be dismissed because he does not have a constitutional right to the arrest or criminal prosecution of another person. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Mr. Hansen objects, arguing that the cases cited in the Report and Recommendation are distinguishable and do not address an access to the courts claim. This court determines that it is not necessary to resolve the specific objection raised by Mr. Hansen. Upon reviewing Mr. Hansen's access to the court claim, the court determines that dismissal of this claim is required for an independent reason: The constitutional right to access to the courts does not require a police department to allocate some constitutional minimum amount of its resources to identify the perpetrator of a crime so that the victim can sue the perpetrator.

The circuit courts that have recognized a backward-looking access to the courts claim have only done so in cases where "obstructive actions by state actors" has prevented an individual from pursuing a civil claim. *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir.

2013). The Tenth Circuit, for example, has suggested that where law enforcement officers threatened to revoke a potential plaintiff's probation if he filed a civil rights action based upon his arrest, such conduct may violate the right of access to the courts. *McKay v. Hammock*, 730 F.2d 1367, 1375 (10th Cir. 1984). The Seventh Circuit has held that that planting evidence to conceal an unlawful killing committed by police officers unconstitutionally deprived the deceased's family members of an opportunity to vindicate the killing through judicial redress. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1984). The Fifth Circuit has also held that "if state officials wrongfully and intentionally conceal information crucial to a person's ability to obtain redress through the courts, and do so for the purpose of frustrating that right, and that concealment and the delay engendered by it substantially reduce the likelihood of one's obtaining the relief to which one is otherwise entitled, they may have committed a constitutional violation." *Crowder v. Sinyard*, 884 F.2d 804, 812 (5th Cir. 1989); *accord Flagg*, 715 F.3d at 173 ("In backward-looking [access to the courts] claims, . . . the government is accused of barring the courthouse door by concealing or destroying evidence so that the plaintiff is unable to ever obtain an adequate remedy on the underlying claim."); *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) ("[W]hen police officers conceal or obscure important facts about a crime from its victims rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged.").

Mr. Hansen's claim is qualitatively different from the claims made in the cases that have recognized a backward-looking access to the courts cause of action. He does not allege that Salt Lake City actively obstructed his civil suit against his unknown assailant or that the city destroyed or concealed evidence. Mr. Hansen's claim is that the city did not try hard enough to assist his civil litigation efforts against an unknown third party. But, "[t]he constitutional right of

access to the civil courts plainly does not encompass a right to receive assistance in gaining access to the civil courts." *Brown v. Grabowski*, 922 F.2d 1097, 1116 (3d Cir. 1990).

Because the Constitution does not impose a duty on government entities to actively assist the civil litigation efforts of crime victims, Mr. Hansen's federal access to the courts claim fails as a matter of law. This fundamental legal impediment makes amendment of this claim futile. Therefore, Mr. Hansen's fifth cause of action for violations of his right to access to the courts is dismissed with prejudice.

II. **OBJECTIONS TO THE DISMISSAL OF THE THIRD CLAIM UNDER ARTICLE 1, SECTION 7 OF THE UTAH CONSTITUTION AND THE FOURTH CLAIM UNDER ARTICLE 1, SECTION 11 OF THE UTAH CONSTITUTION**

Judge Warner also recommended that Mr. Hansen's claims under the Utah Constitution be dismissed because lawsuits based upon injuries proximately caused by assault and battery or the violation of civil rights are barred by the Utah Governmental Immunity Act. UTAH CODE § 63G-7-201(4)(b). Mr. Hansen objected, arguing that "the Utah Governmental Immunity Act does not apply to claims alleging state constitutional violations." *Jensen ex rel. Jensen v. Cunningham*, 250 P.3d 465, 479 (Utah 2011).

The court need not reach the merits of Mr. Hansen's objection because the court dismisses without prejudice his state constitutional claims for an independent reason. As noted above, all of Mr. Hansen's federal claims have been dismissed. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998). Because the only remaining claims arise under the Utah Constitution, and because Mr. Hansen acknowledges that his state constitutional claims raise several novel questions of state law, the court dismisses his constitutional claims under Article 1, Section 7 and

5

Article 1, Section 11 of the Utah Constitution without prejudice. Mr. Hansen may refile his claims in state court if he wishes to pursue them.

## CONCLUSION

The court ORDERS as follows:

(1) The Report and Recommendation [Docket 33] is ADOPTED IN PART. The court adopts the portions of the Report and Recommendation that recommend the dismissal with prejudice of the first and second claims for gross negligence and the portion of the third claim that seeks to vindicate Mr. Hansen's right "to substantive and procedural due process of law, and the equal protection thereof" under the United States Constitution.

(2) Salt Lake City's motion to dismiss with prejudice [Docket 24] is GRANTED IN PART AND DENIED IN PART. The court DISMISSES WITH PREJUDICE the first and second claims for gross negligence, the portion of the third claim that seeks to vindicate Mr. Hansen's right "to substantive and procedural due process of law, and the equal protection thereof" under the United States Constitution, and the fifth claim under the federal constitutional guarantee of "access to the courts." The court DISMISSES WITHOUT PREJUDICE the portion of the third claim that seeks redress under Article 1, Section 7 of the Utah Constitution and the fourth claim, which seeks redress under Article 1, Section 11 of the Utah Constitution.

**SO ORDERED** September 29, 2017.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge