IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARRY HANSEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE POLICE DEPARTMENT OF SALT LAKE CITY CORPORATION,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RELIEF FROM THE JUDGMENT**<br><br>Case No. 2:15-cv-00722-JNP-PMW<br><br>Judge Jill N. Parrish |

Before the court is Larry Hansen's motion for relief from a final judgment under Rules 60(a), 60(b)(1), and 60(b)(6) of the Federal Rules of Civil Procedure. The court DENIES the motion.

Hansen sued Salt Lake City, alleging that its police department did not do enough to investigate an incident where a stranger struck Hansen in the face and broke his nose. Hansen asserts that the city should be held liable for failing to identify his assailant because the statute of limitations has run on his tort claim against the unknown attacker, depriving Hansen of his civil remedy for his injuries.

The court dismissed with prejudice Hansen's federal claim for violations of his constitutional right to access to the courts. The court also dismissed without prejudice Hansen's state-law claims and entered a final judgment. Hansen seeks relief from the judgment.

First, Hansen argues that the judgment should be set aside pursuant to Rule 60(a), which states that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." But Hansen has not identified any inadvertent clerical mistake in the court's judgment. Because "Rule 60(a) may not be used to change something

which has been deliberately done," the court rejects Hansen's Rule 60(a) argument. *See Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980).

Next, Hansen argues the judgment should be set aside pursuant to Rule 60(b)(1), which permits courts to grant relief based upon "mistake, inadvertence, surprise, or excusable neglect." Under Tenth Circuit precedent, "certain substantive mistakes in a district court's rulings may be challenged by a Rule 60(b)(1) motion." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996). Thus, the question presented under Rule 60(b)(1) is whether the court made a mistake of law or fact when it dismissed Hansen's federal claim with prejudice.

In its order granting Salt Lake City's motion to dismiss, the court noted that some circuit courts have held that "obstructive actions by state actors" may form the basis of an access to the courts claim. *See Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013); *McKay v. Hammock*, 730 F.2d 1367, 1375 (10th Cir. 1984) (en banc) (law enforcement officers may have violated the right to access to the courts where they threatened to revoke a potential plaintiff's probation if he filed a civil rights action based upon his arrest). But the court has not found authority for the proposition that inadequate state assistance to a potential plaintiff can support such a claim. And Hansen's motion for relief from the judgment has not identified any authority for this proposition. Nor has Hansen provided persuasive reasons that this court should adopt such a rule. The court, therefore, is not convinced that it erred when it dismissed Hansen's access to the courts claim and denies his motion for relief under Rule 60(b)(1).

Finally, Hansen urges the court to set aside the judgment under Rule 60(b)(6). This catch-all provision permits a final order to be set aside for "any other reason that justifies relief." "District courts may grant a Rule 60(b)(6) motion only in 'extraordinary circumstances' and only when such action is necessary to accomplish justice." *State Bank of S. Utah v. Gledhill* (*In re*

2

*Gledhill*), 76 F.3d 1070, 1080 (10th Cir. 1996) (citation omitted). "A court may not premise Rule 60(b)(6) relief, however, on one of the specific grounds enumerated in clauses (b)(1) through (b)(5)." *Id.* Because Hansen's Rule 60(b)(6) argument merely duplicates his contentions under Rule 60(b)(1), the court may not grant relief pursuant to Rule 60(b)(6). Moreover, even if the court could entertain Hansen's Rule 60(b)(6) argument, the court would reject it for the same reasons articulated above.

The court, therefore, DENIES the motion for relief from the judgement. [Docket 38].

**DATED** June 12, 2018.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge